**SANDERS LAW, PLLC**
Craig B. Sanders, Esq. (284387)
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Telephone: (516) 203-7600
Facsimile: (516) 281-7601
csanders@sanderslawpllc.com
*Attorneys for Plaintiff*
File No.: 104467

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BWP Media USA Inc. d/b/a Pacific Coast News, <br><br> Plaintiff, <br><br> vs. <br><br> Dole Food Company, Inc. and <br> Dole Packaged Foods, LLC, <br><br> Defendants. | Docket No: <br><br> **COMPLAINT** <br><br> JURY TRIAL DEMANDED |

BWP Media USA Inc. d/b/a Pacific Coast News ("BWP" or "Plaintiff"), by and through its undersigned counsel, for its Complaint against Defendants Dole Food Company, Inc. ("DFC") and Dole Packaged Foods, LLC ("DPF") (hereinafter collectively referred to as "Defendants"), states and alleges as follows:

### **INTRODUCTION**

1. This action seeks to recover for copyright infringement. Plaintiff herein provides entertainment-related photojournalism goods and services, and owns the rights to photographs featuring celebrities that it licenses to online and print publications. Plaintiff has obtained U.S. copyright registrations covering many of its photographs, and many others are the subject of pending copyright applications.

2. Defendants own and operate a website known as www.dole.com (the "Website"). Without permission or authorization from Plaintiff, Defendants actively copied,

1

stored, modified, and displayed Plaintiff's photographs on the Website and engaged in this misconduct knowingly and in violation of the United States Copyright laws.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

4. Additionally, this Court has subject matter jurisdiction over all of the photographs, inclusive of any unregistered images. *Reed Elsevier, Inc. v. Muchnick,* __ U.S. __, 130 S.Ct. 1237 (2010), *see e.g. Perfect 10, Inc. v. Amazon.com, Inc.,* 508 F.3d 1146, 1154 9th Cir. 2007); *Olan Mills, Inc. v. Linn Photo Co.,* 23 F.3d 1345, 1349 (8th Cir. 1994); *Pac. & S. Co., Inc., v. Duncan,* 744 F.2d 1490, 1499 n. 17 (11th Cir. 1984).

5. This Court has personal jurisdiction over DFC because DFC is a California corporation and because DFC maintains its principal place of business in California.

6. This Court has personal jurisdiction over DPF because DPF is a California limited liability company and because DPF maintains its principal place of business in California.

7. Venue is proper under 28 U.S.C. §1391(a)(2) because Defendants do business in this Judicial District and because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## PARTIES

**I.   Plaintiff**

8. BWP is a California Corporation and maintains its principal place of business in Los Angeles County, California.

**II.   Defendants**

9. On information and belief, DFC, a California corporation, and DPF, a California limited liability company, both maintain their principal place of business in Ventura County, California, and are liable and responsible to Plaintiff based on the facts herein alleged.

10. DFC is the world's largest producer and marketer of high-quality fresh fruit and vegetables with revenues topping $6.9 billion in 2010, and DPF is a leader in sourcing,

2

processing, distributing, and marketing fruit products and healthy snacks throughout the world with an annual revenue of approximately $93 million.

11. Defendants are extremely large, popular, and lucrative organizations that advertise their business and products through the Website, which purposefully displays stock and celebrity photographs, including Plaintiff's copyrighted photographs.

12. Defendants are the registered owners and operators of the Website and are responsible for its content.

13. Defendants use the Website solely to promote their brand and business and to expand their client base, and, on information and belief, Defendants profit from these activities.

14. Without permission or authorization from Plaintiff, Defendants volitionally selected, copied, modified, stored and displayed Plaintiff's copyright-protected photographs (hereinafter collectively referred to as "Photographs"), as set forth in Exhibit "1," which is annexed hereto and incorporated in its entirety herein, on the Website.

15. On information and belief, the Photographs were copied, modified, stored and displayed without license or permission, thereby infringing on Plaintiff's copyrights (hereinafter collectively referred to as the "Infringements").

16. As is set forth more fully in Exhibit "1", each listed Infringement contains the Uniform Resource Locator ("URL") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than transitory duration and therefore constitutes a specific item of infringement. *17 U.S.C. §106(5); Perfect 10, Inc. v. Amazon.com, Inc.,* 508 F.3d 1146, 1160 (9th Cir. 2007).

17. Each listed infringement in "Exhibit 1" is an exact copy of Plaintiff's original image that was directly copied and stored by Defendants on the Website.

18. Each infringement listed in "Exhibit 1" constitutes a separate and distinct act of infringement by Defendants.

19. On information and belief, Defendants take an active and pervasive role in the content posted on its Website, including, but not limited to, copying, posting, selecting, commenting on and displaying Plaintiff's Photographs.

20. 17 U.S.C. §512, also known as the Digital Millennium Copyright Act ("DMCA"), provides a defense against an infringement that is "by reason of the storage at the

direction of a user." The applicable legislative history provides that "[i]nformation that resides on the system or network operated by or for the service provider through its own acts or decisions and not at the direction of a user does not fall within the liability limitation of subsection (c)." *See* S.Rep. No. 105–190, at 43 (1998).

21. Defendants' conduct is not safe-harbored by the DMCA in that none of the Infringements were posted at the direction of a "user" as that term is defined in 17 U.S.C. §512(c).

22. On information and belief, Defendants were aware of facts or circumstances from which the determination regarding the Infringements was apparent. Defendants cannot claim that they were not aware of the infringing activities, including the specific Infringements which form the basis of this Complaint, since such a claim would amount to only willful blindness to the Infringements.

23. On information and belief, Defendants engaged in the Infringements knowingly and in violation of applicable United States Copyright laws.

24. Additionally, on information and belief, Defendants, with "red flag" knowledge of the Infringements, failed to promptly remove same (*see 17 U.S.C. §512(c)(1)(A)(i)*) as evidenced by the following:

   (a) Defendants' employees created, commented on, and encouraged its users / audience to comment on postings that included Plaintiff's copyrighted Photographs; and

   (b) Defendants' employees actively reviewed, commented on, and deleted and "cleaned" postings containing Plaintiff's Photographs.

25. Further, Defendants have the legal right and practicable ability to control and limit the infringing activities on their Website and exercised such right, which, on information and belief, is evidenced by the following:

   (a) Defendants' employees have complete control over and actively reviewed and monitored the content posted on the Website;

   (b) Defendants admit that they control, maintain and monitor the content on their Website; and

   (c) Defendants' employees actively review, modify, and delete or "cleaned" postings and threads.

26. On information and belief, Defendants have received a financial benefit

directly attributable to the Infringements. Specifically, Defendant utilized the "draw" of the Photographs to populate and attract users to its Website in order to promote Defendants' brand, generate more business, expand Defendants' client database, and increase product revenue. *17 U.S.C. §512(c)(1)(B).*

27. On information and belief, a large number of people have viewed the unlawful copies of the Photographs on the Website.

28. On information and belief, Defendants at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

29. As a result of Defendants' misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
### *(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)*

30. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

31. The Photographs are original, creative works in which Plaintiff owns valid copyrights, properly registered with the United States Copyright Office.

32. Plaintiff has not licensed Defendants the right to use the Photographs in any manner, nor has Plaintiff assigned any of its exclusive rights in the Copyrights to Defendants.

33. Without permission or authorization from Plaintiff, and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendants improperly and illegally copied, stored, reproduced, distributed, adapted, and publicly displayed works copyrighted by Plaintiff, thereby violating Plaintiff's exclusive rights in its copyrights.

34. Defendants' reproduction and display of the Photographs on the Website constitutes willful copyright infringement. *Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 361 (1991).

35. On information and belief, thousands upon thousands of people have viewed the unlawful copies of the Photographs on the Website.

36. As a direct and proximate result of Defendants' misconduct, Plaintiff has been substantially harmed and should be awarded statutory damages against Defendants pursuant to 17 U.S.C. §504(c) of up to $150,000 per infringement in an amount to be proven at trial.

## SECOND COUNT
### *(Vicarious Copyright Infringement)*

37. Plaintiff repeats and incorporates, as though fully set forth herein, each and every allegation contained in the preceding paragraphs.

38. At all material times hereto, on information and belief, Defendants had the legal right and practicable ability to supervise, control, limit, and/or stop the infringing conduct of its employees, agents and members but declined to exercise that right and ability.

39. For example, on information and belief, Defendants had legal right and the practicable ability to police the images on the Website when its employees edited, modified and/or interacted with the Photographs, and therefore, had the right and ability to supervise and control the infringing Photographs.

40. As a direct and proximate result of Defendants' refusal to exercise their right to stop or limit the infringing conduct, on information and belief, Defendants' members have continued to infringe upon Plaintiff's Photographs, which in turn, generates profits for Defendants directly from the use of the Infringements.

41. On information and belief, Defendants enjoyed a directed financial benefit from the infringing activity of its members, employees and agents from, inter alia, revenue derived from the increased traffic to its Website and an increase in Defendants' product revenues.

42. On information and belief, Defendants further enjoyed a directed financial benefit from using the "draw" of Plaintiff's Photographs to populate and attract users to the Website so that they would purchase/utilize Defendants' brand, thereby expanding Defendant's client database and generating an increase in revenue for Defendants' business.

43. Accordingly, Defendants are liable as vicarious infringers since they profited from direct infringement while declining to exercise a right to stop or limit it. *See e.g.,* Perfect 10, Inc. v. Amazon.com, Inc., 508 F.3d. 1146, 1171 (9th Cir. 2007); *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 929-30 (2005).

44. As a direct and proximate result of Defendants' misconduct, Plaintiff has been substantially harmed and should be awarded statutory damages against Defendants pursuant to 17 U.S.C. §504(c) of up to $150,000 per infringement in an amount to be proven at trial.

6

## THIRD COUNT
*(Injunction Pursuant to 17 U.S.C. §502)*

45. Plaintiff repeats and incorporates, as though fully set forth herein, each and every allegation contained in the preceding paragraphs.

46. Plaintiff requests a permanent injunction pursuant to 17 U.S.C. §502(a) prohibiting Defendants from displaying the Infringements.

## FOURTH COUNT
*(Attorney Fees and Costs Pursuant to 17 U.S.C. §505)*

47. Plaintiff repeats and incorporates, as though fully set forth herein, each and every allegation contained in the preceding paragraphs.

48. Plaintiff requests, pursuant to 17 U.S.C. §505, its attorney fees and costs for the prosecution of this action.

## JURY DEMAND

49. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

That the Court enter a judgment finding that Defendants have infringed on Plaintiff's rights to the Photographs in violation of 17 U.S.C. §501 et seq. and award damages and monetary relief as follows:

a. Statutory damages against Defendants pursuant to 17 U.S.C. §504(c) of up to $150,000 per infringement, or, in the alternative, Plaintiff's actual damages and the disgorgement of Defendants' wrongful profits in an amount to be proven at trial; and

b. A permanent injunction against Defendants pursuant to 17 U.S.C. §502; and

c. Plaintiff's attorneys' fees pursuant to 17 U.S.C. §505; and

d. Plaintiff's costs; together with

e. Such other relief that the Court determines is just and proper.

DATED: September 22, 2014

**SANDERS LAW, PLLC**

_/s/ Craig B. Sanders_____
Craig B. Sanders, Esq. (284387)
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 281-7601
csanders@sanderslawpllc.com

*Attorneys for Plaintiff*
File No.:104467